UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FARIS SAAH
        Plaintiff

v.

VANESA D. LEVINE
        Defendant

CIVIL ACTION NO.
3:20 CV 01682 (KAD)

DECEMBER 29, 2020

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## OBJECTION TO FILING OF AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2), the defendant, Vanesa D. Levine, respectfully objects to the filing of the Amended Complaint, dated December 24, 2020 (Doc. 13), because the plaintiff did not have permission from the Court nor consent from the defendant in writing to file the amended pleading.  Moreover, the plaintiff filed the Amended Complaint after the entry of a default pursuant to Rule 55(a) (Doc. 10) and while a Motion for Judgment of Default (Doc. 11) on the initial Complaint was pending.  Either the Amended Complaint is not the operative pleading or the entry of default should be vacated as moot and the Motion for Judgment of Default denied as moot.

Generally, a party may amend its pleading as a matter of right if it does so within 21 days after serving it. Fed. R. Civ. P. 15(a)(1) (2020).  Here, plaintiff sought to file an amended complaint well after 21 days from the purported service of the initial complaint (service was claimed to have been made pursuant to Connecticut's long-arm statute, Conn. Gen. Stat. § 52-59b(c), but defendant will be contesting the service and personal jurisdiction via a Rule 12 motion).  Pursuant to Rule 15(a)(2), a party "may amend its pleading only with the opposing party's written consent, or the court's leave . . . [which] [t]he court should freely give [ ] when justice so requires." Fed. R. Civ. P. 15(a)(2). The plaintiff did not seek permission from the defendant nor did the plaintiff file a Motion to Amend.  The Amended Complaint (Doc. 13) was not authorized by the Court and should not be the operative pleading in this case.

In the event that the Court allows the Amended Complaint to be the operative complaint, nunc pro tunc, the defendant respectfully submits that the prior entry of default (Doc. 10) should be vacated and the Motion for Judgment of Default (Doc. 11) should be rendered moot and denied.

DEFENDANT,

By____/s/_____
  Keith R. Rudzik, Esq.
  Federal Bar No. ct 24007
  Howard, Kohn, Sprague & FitzGerald
  237 Buckingham Street
  Hartford, CT 06106
  (860) 525-3101 (Telephone)
  (860) 247-4201 (Fax)
  krr@hksflaw.com (Email)

## **CERTIFICATION**

      This is to certify that on December 29, 2020, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept the electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

_____/s/_____
        Keith R. Rudzik